**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW ALWARD,

      Petitioner,

v.

HEIDI WASHINGTON, *et al.*,

      Respondents.

_____/

Case No. 2:25-cv-11739

Hon. Brandy R. McMillion
United States District Judge

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS (ECF NOS. 1, 15), DENYING THE MOTION TO
PRODUCE (ECF NO. 46), DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, GRANTING PETITIONER LEAVE TO APPEAL *IN
FORMA PAUPERIS*, AND DENYING MOTION TO QUASH DETAINER
(ECF NO. 47)</u>**

Matthew Alward, ("Alward" or "Petitioner"), an inmate at the Beckley

Federal Correctional Institution ("FCI-Beckley") in Beaver, West Virginia, filed a

*pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he

challenges his state court conviction out of the Washtenaw County Circuit Court for

two counts of embezzlement, Mich. Comp. Laws § 750.174(4)(a), and one count of

larceny by conversion, Mich. Comp. Laws §§ 750.362 and 750.356(3)(a).  *See*

*generally* ECF Nos. 1, 15.  For the reasons that follow, the petition is **DISMISSED**

**WITH PREJUDICE**.

1

**I.**

Alward pleaded guilty to the above charges in the Washtenaw County Circuit Court.  ECF No. 45-1, PageID.331.  In exchange for his plea, the prosecutor agreed to dismiss several other charges as well as the habitual offender sentencing enhancement and agreed to a sentence of three to five years in prison, which Alward would serve concurrent to a federal sentence he was already serving.[1]  *Id.* at PageID.328.  The parties also agreed that Alward would receive 900 days of credit against his new sentence.  *Id.* at PageID.328.  The part of the agreement involving the 900 days sentencing credit was specifically agreed to by the judge as part of a *Cobbs* agreement.[2]  *Id.* at PageID.328-329.  Alward acknowledged that this was the entire plea and sentencing agreement.  *Id.* at PageID.328-30.  He later acknowledged that he had not been made any promises to plead guilty that had not been disclosed on the record.  *Id.* at PageID.332.

On August 8, 2023, Alward was sentenced to concurrent sentences of three to five years in prison.  ECF No. 15, PageID.34.  The sentences were ordered to be

---

[1] Alward is currently serving a ten-year sentence out of the United States District Court for the Western District of Michigan for conspiracy to possess with intent to deliver more than 50 grams of methamphetamine. *See United States v. Alward,* No. 1:19-cr-00261 (W.D. Mich.).

[2] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty or no-contest and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x 701, 703, n.1 (6th Cir. 2007).

served concurrently with his federal sentence. *Id.* Alward was given 900 days credit towards his sentence. ECF No. 30-2, PageID.125-26. He did not file a direct appeal from his conviction and sentence. ECF No. 30-3, PageID.131.

Beginning on May 13, 2024, Petitioner filed several state postconviction motions to vacate or suspend his sentence, for "judicial intervention," and "to demand action," all related to the claims he now raises in his federal habeas petition before this Court. ECF No. 30-3, PageID.130-131. The state court denied the motions, ruling that the court lacked authority to compel the Michigan Department of Corrections to either notify the Federal Bureau of Prisons (BOP) of any intent to extradite Alward to Michigan following completion of his federal sentence or respond to the BOP's letters of inquiry on the subject, and that there was no error in the calculation of the 900 days' jail credit. *Id.*

On June 12, 2024, Washtenaw County placed a detainer on Alward. ECF No. 30-9, PageID.148, 197. Separately, he filed a motion for habeas corpus in the state trial court, along with seven additional related motions, including one for extradition. ECF No. 30-1, PageID.116. The trial judge denied all the motions in an omnibus order. *See generally* ECF No. 30-4. The court's order included a specific denial of Alward's motion to suspend his sentence based on his continued allegation of a miscalculation of his jail credits. ECF No. 30-4, PageID.134. The judge opined that Alward was not entitled to additional credits because he was not held in custody for

additional time in this case, as required for credit under state law.  ECF No. 30-4, PageID.134.  The judge also found that Alward's "prison sentence in this matter is concurrent to, and shorter than, his federal term."  ECF No. 30-4, PageID.135.

Alward filed a delayed application for leave to appeal the trial court's decision on his first post-conviction motion, which was denied by the Michigan appellate courts.  ECF No. 30-9, PageID.175.  While his application was pending in the Michigan Court of Appeals, he filed another motion in the state trial court for habeas corpus and for extradition, which was denied. *See generally* ECF No. 30-6.

Petitioner now seeks federal habeas relief.  *See generally* ECF Nos. 1, 15.  He appears to argue that: (1) he is being denied credit against his state sentence for the time spent in federal custody on a federal conviction due to a miscalculation of the sentencing credits by the state court, (2) that the plea and sentencing agreement called for him to serve only the minimum three-year sentence, not the maximum five-year sentence, (3) that a state detainer is preventing him from participating in various programs in the federal prison, and (4) that he is being denied a parole hearing before the Michigan Parole Board because he is still incarcerated in a federal prison.  *See generally* ECF Nos. 1, 15.

## II.

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, the following standard of review applies to habeas cases:

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III.

## A.   ALLEGED MISCALCULATION OF SENTENCING CREDITS

Alward's primary claim is that the state trial judge miscalculated the amount of sentencing credits that he was entitled to under Michigan law.  ECF No. 15, PageID.34-35.  But he is not entitled to relief on this claim for two reasons.  First, Alward agreed in his guilty plea that he would receive 900 days of sentencing credits as part of the plea and sentencing agreement.  ECF No. 45-1, PageID.330.  "A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review."  *Gill v. Berghuis,* No. 2:06-CV-10835, 2008 WL 1995096, *2 (E.D. Mich. May 6, 2008).  Such is the case here.  Alward thus "waived any challenge to the length of his sentence by explicitly agreeing to it." *United States v. Wright*, 841 F. App'x 940, 944 (6th Cir. 2021) (cleaned up).

Second, a prisoner has no federal constitutional right to earn or receive sentencing credits.  *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992)).  And, the Court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a).  Therefore, state law and procedural violations which do not infringe specific federal constitutional protections are not cognizable claims under

Section 2254.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Because Alward's claim challenges the interpretation and application of state crediting statutes, the claim is not cognizable on federal habeas review.  *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003); *see also Grays v. Lafler,* 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008).  In addition, the trial judge determined that under Michigan law, Alward was not entitled to more sentencing credits.  That determination is binding on this Court.  *See, e.g., King v. Lesatz*, No. 2:19-cv-111, 2019 WL 5387889, at *4 (W.D. Mich. Oct. 22, 2019).

## B.   ALLEGED ERRORS WITH PLEA AND SENTENCING AGREEMENT

Petitioner appears to also argue that his plea and sentencing agreement required him to serve only the three-year minimum sentence rather than five years and that his continued detention violates this agreement.  ECF No. 15, PageID.34-35.  This Court notes that Michigan uses an indeterminate sentencing scheme, whereby the defendant is given a sentence with a minimum and a maximum term.  *People v. McCuller*, 479 Mich. 672, 677 (2007).  The maximum sentence is not determined by the trial judge but is set by law.  *Grays v. Lafler*, 618 F. Supp. 2d at 750 (citing Mich. Comp. Laws § 769.8).  Petitioner's sentence of three to five years reflects this.  In addition, requiring a prisoner to serve his maximum sentence does not violate the federal constitution.  *See Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

To the extent that Petitioner claims that the plea and sentencing agreement called for him to serve no more than three years in prison or promised more sentencing credits, he is still not entitled to such relief. Any promises made by the judge during the plea colloquy "cured any misunderstanding he may have had about the consequences of his guilty plea." *Ramos v. Rogers*, 170 F.3d 560, 561 (6th Cir. 1999).

What's more, a federal court reviewing a habeas petition should not "lightly find misrepresentation in a plea agreement." *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). "Absent extraordinary circumstances […] a defendant's plea agreement consists of the terms revealed in open court [.]" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Defendant's plea must also be knowing and voluntary." *Baker*, 781 F.2d at 88. Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to disprove an unambiguous plea agreement in the record. *Id.* S*ee e.g., McAdoo v. Elo,* 365 F.3d 487, 497 (6th Cir. 2004) (holding that a term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced."). Here, based on a clear reading of the plea and sentencing agreement, Alward would receive a sentence of three to five years in prison, concurrent to his federal sentence, and that he would receive 900 days of sentencing credit against his state sentence. To the extent that Alward thought otherwise, habeas relief should

8

not be granted by crediting his subjective understanding of the plea bargain. *See Nichols v. Perini*, 818 F.2d 554, 558-59 (6th Cir. 1987).  The Court finds that the original plea agreement was valid and denies habeas petition on this ground.

## C.    REQUEST FOR REMOVAL OF STATE DETAINER

Alward further asks this Court to order the State of Michigan to remove the detainer that it placed on him, claiming it is preventing him from participating in programs in federal prison that could presumably shorten his federal sentence.  Such removal is not warranted, nor is it a basis to grant this petition. *Brundage v. Snyder*, 27 F. App'x 572, 572-573 (6th Cir. 2001) ("[A]n adverse impact on a prisoner's classification and his eligibility for institutional programs is not sufficient to invoke due process.") ; *see also Bracey v. State of Tenn.*, 616 F.2d 268, 269 (6th Cir. 1980) (holding that no case law afforded federal district court authority to direct state prison officials to disregard state detainer or to order withdrawal of detainer so prisoner might become eligible for certain prison programs).

## D.    REQUEST FOR PAROLE HEARING BEFORE THE MICHIGAN PAROLE BOARD

Finally, as it pertain to the merits of his habeas petition, Alward asks this Court to order the Michigan Parole Board to schedule a parole hearing.  There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence.  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  In other words, there is no federal

constitutional right to be paroled. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). In fact, the Sixth Circuit has repeatedly held that Michigan's parole statute does not create a liberty interest for a prisoner to be paroled prior to the expiration of his sentence. *See Crump v. Lafler*, 657 F.3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006). Therefore, Alward is not entitled to a parole hearing.

## IV.

In a separate motion, Alward requests that the Court require Respondent to produce certain information pertaining to his sentence. *See generally* ECF No. 46. Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* A federal district court may permit discovery in a habeas case if the petitioner presents specific allegations which give the court reason to believe that the facts, if fully developed, may lead the district court to find that federal habeas relief is appropriate. *See Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009); *see also Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001). However, Rule 6 of the Habeas Rules does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation omitted).

A habeas petitioner's conclusory allegations are insufficient to warrant discovery under Rule 6. *Id.* Instead, the petitioner must set forth specific allegations of fact. *Id.* Given that this Court has already determined that Alward's allegations, even if true, would not entitle him to habeas relief, he does not satisfy the requirements for discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) ("The burden of demonstrating the materiality of information requested is on the moving party."). Alward's claims are therefore without merit, and he is not entitled to seek discovery in support of his claims.

On April 3, 2026, Alward also moved this Court to "[…] Quash the detainer lodge by Washtenaw County Prosector" for allegedly "purposely creating confusion in a manner t noy allow Alward to get out of Federal Prison by using the First Step Act and Second Chance Act." ECF No. 47, PageID.342. Given the Court's dismissal of Alward's habeas, petition, the Court will deny this request as moot.

### V.

The Court denies a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here,

11

Alward he failed to make a substantial showing of the denial of a federal constitutional right. Reasonable jurists could not dispute this Court's decision to uphold his state sentence despite his bare-bones arguments to the contrary. First, Petitioner cannot show that under Michigan law, his sentencing credits were miscalculated. *See supra* III.A. Second, there is no legal basis to find any error with his sentence under the plea and sentencing agreement. *See supra* III.B. Finally, as the Court explained *supra* III.C, Alward is not entitled to a parole hearing.

Although unsuccessful here, the issues raised by Petitioner are not frivolous; therefore, "an appeal could be taken in good faith." *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Alward's petition for a writ of habeas corpus is dismissed with prejudice, and he may proceed *in forma pauperis* on appeal.

## VI.

The Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus (ECF Nos. 1, 15) and **DENIES** a Certificate of Appealability. The Motion to Produce (ECF No. 46) and Motion to Quash Detainer (ECF No. 47) are **DENIED**. Petitioner is **GRANTED** leave to appeal *in forma pauperis* if he so chooses.

***This is a final order that closes the case.***

**IT IS SO ORDERED**.

Dated: April 8, 2026  s/Brandy R. McMillion
    Detroit, Michigan  Hon. Brandy R. McMillion
                                       United States District Judge